IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ISABELLA RAE ABBRUZZESE, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:25-CV-00018-MJT-CLS |
| STEPHEN F. AUSTIN STATE UNIVERSITY and UT SYSTEMS, | § § § § | |
| *Defendants*. | § § | |

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Isabella Rae Abbruzzese alleges that Defendants Stephen F. Austin State University ("SFA") and UT Systems violated her state and federal rights by exposing her to mold, manifoldly mishandling her Title IX complaint, and initiating procedurally-deficient student-conduct hearings in retaliation for filing a Title IX complaint. [Dkt. 9]. The District Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pre-trial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72.

Before Judge Stetson were Abbruzzese's Motion to Stay Proceedings [Dkt. 7], Emergency Motion for Stay of Proceedings [Dkt. 11], Proposed Motion for a Court-Ordered Mental Competency Test [Dkt. 15], Motion to Compel the Provision of a Draft Coach/Advocate as a Reasonable Accommodation Under the ADA and Title IX [Dkt. 16], and Motion for Emergency *Ex Parte* Hearing [Dkt. 19]. On March 11, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 22] advising the Court to do the following: (1) dismiss and deny

Abbruzzese's claims and motions for injunctive relief that would directly or indirectly interfere with the ongoing student-conduct hearings against her pursuant to the *Younger* abstention doctrine; (2) stay all remaining claims pursuant to *Younger* abstention and in the interests of judicial economy; and (3) order the parties to notify the Court when the student-conduct hearings are fully completed so that Abbruzzese may file an amended complaint within 21 days of the notice being filed. On March 25, 2025, Abbruzzese filed timely objections [Dkt. 30] to the Report and Recommendation [Dkt. 22].

## I.  Plaintiff Isabella Rae Abbruzzese's Objections [Dkt. 30] to the Report and Recommendation [Dkt. 22] are Overruled

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Preliminarily, Abbruzzese's objections fail to specifically identify where in the Report and Recommendation Judge Stetson allegedly erred in considering the facts or applying the law. *See* [Dkt. 30]. Nonetheless, Abbruzzese's challenges are sufficiently specific for the Court to locate and conduct a *de novo* review of the contested findings and recommendations in the Report and Recommendation [Dkt. 22].

> A. *The Report correctly found that SFA's student-conduct hearings are "certain civil enforcement proceedings akin to criminal prosecutions"*

First, Abbruzzese objects to the Report's finding that SFA's student-conduct hearings are "certain civil enforcement proceedings akin to criminal prosecutions" pursuant to *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) (*NOPSI*) and its progeny. [Dkts. 22 at 11–14; 30 at 2–3]. Abbruzzese specifically argues that the student-conduct hearings "have been marred by procedural deficiencies, and a lack of evidentiary standards." [Dkt. 30 at 2]. As explained in the Report, a natural inquiry into what constitutes quasi-criminal proceedings for the purposes of *Younger* abstention asks whether the proceedings in question "possess[] 'some level of due process' sufficiently analogous to a criminal prosecution." [Dkt. 22 at 12 (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 370 (6th Cir. 2017))]. In the context of student disciplinary proceedings, the Fifth Circuit has reasoned in a "persuasive unpublished opinion" that "[a] student subject to school disciplinary proceedings is entitled to *some* procedural due process." *Willis v. Tex. Tech Univ. Health Scis. Ctr.*, 394 F. App'x 86, 87 & n.2 (5th Cir. 2010) (per curiam) (quoting *Esfeller v. O'Keefe*, 391 F. App'x 337, 342–43 (5th Cir. 2010) (citing *Goss v. Lopez*, 419 U.S. 565, 574 (1975))).

This includes "notice of the charges," "an explanation of what evidence exists against" the student, and "an opportunity to present [the student's] side of the story." *Id.* (quoting *Esfeller*, 391 F. App'x at 342) (citing *Goss*, 419 U.S. at 581)); *see also Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–86 (1978) (quoting *Goss*, 419 U.S. at 584) ("All that *Goss* required was an 'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student 'the opportunity to characterize his conduct and put it in what he deems the proper context.'"). By contrast, prevailing law does not entitle Abbruzzese "to the 'opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or

3

to call h[er] own witnesses to verify h[er] version of the incident.'" *Willis*, 394 F. App'x at 87 (quoting *Esfeller*, 391 F. App'x at 342) (citing *Goss*, 419 U.S. at 583)).

Tellingly, Abbruzzese does not contest the Report's finding that SFA's student-conduct hearings possess the requisite procedural safeguards, nor does she articulate what supposed procedural deficiencies "mar[]" the proceedings.  *See* [Dkt. 30 at 2–3].  Abbruzzese's additional claim that the hearings "lack [an] evidentiary standard" is demonstrably false.  *Id.* at 2.  Attached to one of Abbruzzese's own pending motions is a "Determination of Findings" explicitly stating that the Formal Hearing Board found that she had violated the Student Conduct Code for "[c]heating" after "applying the preponderance of the evidence standard" to "the information presented in the Formal Hearing." [Dkt. 19-1 at 1].  All told, numerous courts have found university disciplinary proceedings similar to SFA's to be civil enforcement proceedings akin to criminal prosecutions.  *See, e.g.*, *Sanchez v. Ariz. Bd. of Regents*, No. CV-15-01591-PHX-JAT, 2015 WL 6956288, at *2 (D. Ariz. Nov. 10, 2015); *Cameron v. Ariz. Bd. of Regents*, 2008 WL 4838710, at *3 (D. Ariz. Nov. 6, 2008); *Doe v. Hazard*, 152 F. Supp. 3d 859, 865 (E.D. Ky. 2016), *rev'd on other grounds by Doe*, 860 F.3d at 371–73); *Jackson v. Univ. of Ky.*, No. 16-CV-257-JMH, 2016 WL 3951084, at *2 (E.D. Ky. July 20, 2016); *Williams v. Red Bank Bd. of Ed.*, 662 F.2d 1008, 1015 (3d Cir. 1981), *overruled on other grounds by Schall v. Joyce*, 885 F.2d 101, 108–09 (3d Cir. 1989).  Abbruzzese's objection [Dkt. 30 at 2–3] is overruled.

> B.  *The Report correctly found that SFA's student-conduct hearings provide Abbruzzese an adequate opportunity to raise her federal claims*

Abbruzzese next objects to the Report's finding that the student-conduct hearings provide an adequate opportunity for her to present her federal claims in satisfaction of the third factor adumbrated in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (*Middlesex*). [Dkts. 22 at 18–19; 30 at 3].  According to Abbruzzese, Judge Stetson purportedly

erred because she "was denied the accommodation of having my mother participate in the hearings on my behalf" and that "repeated delays in the hearings have denied me a fair opportunity to raise my federal claims." [Dkt. 30 at 3]. But the third *Middlesex* factor "only requires that there is an *opportunity* to raise constitutional challenges" in the underlying state proceedings. [Dkt. 22 at 19 (quoting *Machetta v. Moren*, No. 4:16-CV-2377, 2017 WL 2805192, at *4 (S.D. Tex. Apr. 13, 2017), *R & R adopted*, No. 4:16-CV-2377, 2017 WL 2805002 (S.D. Tex. June 28, 2017))]; *see also Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex*, 457 U.S. at 432) (emphasis added) ("In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits … [if, *inter alia*,] … the plaintiff has 'an adequate *opportunity* in the state proceedings to raise constitutional challenges.'"); *Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Little v. Doguet*, 71 F.4th 340, 347 (5th Cir. 2023) (quoting *Daves v. Dallas Cnty.*, 64 F.4th 616, 632 (5th Cir. 2023)) (same).

Abbruzzese's dissatisfaction with the outcome of her accommodation claim, as well as the other claims that she has raised during the student-conduct hearings, does not render the Report's finding contrary to law. *See, e.g.*, *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("To the extent that Gates argues that he has been unsuccessful or is likely to be unsuccessful in raising his constitutional claims in state court that is irrelevant."). Her additional allegation of preclusive delays is frankly perplexing and belied by her own pleadings.[1] As noted, Abbruzzese has in fact raised procedural due process and accommodation claims during the ongoing student-conduct hearings. [Dkt. 8 at 5–6]. Moreover, any alleged delays in the proceedings have been a result of

---

[1] It should be noted that as a technical matter "arguments about delay and timeliness pertain not to the adequacy of a state proceeding, but rather to 'conventional claims of bad faith.'" *Little*, 71 F.4th at 347 (quoting *Daves*, 64 F.4th at 633). For the reasons above and below, Abbruzzese's allegations of delay do not alter the Court's decision to overrule her objections [Dkt. 30] and adopt Judge Stetson's Report and Recommendation [Dkt. 22].

SFA honoring Abbruzzese's requests to do so. *Id.* at 5. Nowhere in her serial filings does Abbruzzese allege that SFA delayed the student-conduct of its own volition. *See* [Dkts. 7–9; 11; 15–16; 19]. To the extent Abbruzzese raises this issue for the first time before the Court, the Fifth Circuit has "held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024) (citations omitted); *Traylor v. United States*, No. 3:21-CV-104-KHJ-MTP, 2021 WL 5919023, at *3 (S.D. Miss. Dec. 15, 2021) (citations omitted). Abbruzzese 's several "motion[s], rather than objections to a Report and Recommendation, [were] the proper vehicle for *specific* challenges." *Paulson*, 2024 WL 4346376, at *4 & n.2 (emphasis added). Abbruzzese's objection [Dkt. 30 at 3] is overruled.

### C. The Report rightly concluded that the bad-faith exception to *Younger* abstention did not apply

Lastly, Abbruzzese objects to the Report's finding that the bad faith exception to *Younger* abstention does not apply. [Dkts. 22 at 19–21; 30 at 3–4]. She posits that "the timing of the charges—filed shortly after [she] asserted [her] rights under Title IX" and "the nature of the accusations (unsubstantiated AI-generated assignment charges)" adequately demonstrate SFA's bad faith initiation and prosecution. [Dkt. 30 at 4]. "[T]he 'bad faith' exception is narrow and should be granted parsimoniously." *Gates*, 885 F.3d at 881 (quoting *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985)); *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 190 (5th Cir. 1996) (citation omitted); *In re Fussell*, 928 F.2d 712, 716 (5th Cir. 1991) (citation omitted); *Weaver v. White*, No. 6:25-CV-036, 2025 WL 760042, at *5 (E.D. Tex. Feb. 5, 2025) (citation omitted), *R & R adopted*, No. 6:25-CV-36-JDK-KNM, 2025 WL 756009 (E.D. Tex. Mar. 8, 2025). The

6

dispensation is reserved for the "rare," *Choudhry v. Regents of the Univ. of Cal.*, No. 16-CV-05281-RS, 2016 WL 6611067, at *6 (N.D. Cal. Nov. 9, 2016), showings of "a pattern of bad faith prosecution and harassment," *Doe*, 860 F.3d at 371; *Collins v. Kendall Cnty.*, 807 F.2d 95, 102 (7th Cir. 1986); *Winn v. Macomb Twp.*, No. 24-CV-12258, 2024 WL 4231575, at *2 (E.D. Mich. Sept. 18, 2024) (citation omitted); *Feagan v. Off. of Ohio Disciplinary Couns. for Sup. Ct. of Ohio*, No. 1:21-CV-399, 2022 WL 847282, at *4 (S.D. Ohio Mar. 22, 2022). Hence the Fifth Circuit's recent observation that the Supreme Court's "record on bad-faith prosecutions is rather sparse" given the "virtually empty universe" of bad-faith claims. *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1098 & n.56 (5th Cir. 2023) (first quoting C. Keith Wingate, *The Bad Faith–Harassment Exception to the Younger Doctrine: Exploring the Empty Universe*, 5 REV. OF LITIG. 123, 124 (1996); and then citing Owen M. Fiss, *Dombrowski*, 86 YALE L.J. 1103, 1115 (1977)).

As the *Doe* court explained, *Younger* emphasized the need for "repeated threats by" the relevant state actor "designed to discourage individuals from asserting their constitutional rights." 860 F.3d at 371 (citing 401 U.S. 48). Here, "[t]hose types of threats, or other similar actions, are not alleged," *id.*, most of Abbruzzese's claims of bias, bad faith, and harassment are conclusory, *see* [Dkts. 7–9; 11; 15–16; 19], and temporality alone cannot sustain her bad-faith claim for the reasons above. The Court echoes the Report's conclusions that although "the [student-conduct] hearings have not been ideal" and "lack all the formalities found in a trial," this "does not amount to bad faith and harassment." [Dkt. 22 at 13, 21 (quoting *Doe*, 860 F.3d at 370–71)]. As Abbruzzese concedes, "state administrators 'are assumed to be men [and women] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Withrow v. Larkin*, 421 U.S. 35, 56 (quoting *U.S. v. Morgan*, 313 U.S. 409, 421 (1941)); [Dkt. 30 at 4]. A careful review of Abbruzzese's pleadings and the applicable law does

7

not visit damage upon this presumption in the case at bar. Abbruzzese's objection [Dkt. 30 at 3–4] is overruled.

## II. Order

The Court has conducted a *de novo* review of Plaintiff Isabella Rae Abbruzzese's objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff Abbruzzese's objections [Dkt. 30] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 22] is ADOPTED.

Plaintiff Abbruzzese's claims for injunctive relief that would directly or indirectly interfere with the ongoing student-conduct hearings are DISMISSED. Plaintiff Abbruzzese's Motion to Stay Proceedings [Dkt. 7], Emergency Motion for Stay of Proceedings [Dkt. 11], Proposed Motion for a Court-Ordered Mental Competency Test [Dkt. 15], Motion to Compel the Provision of a Draft Coach/Advocate as a Reasonable Accommodation Under the ADA and Title IX [Dkt. 16], and Motion for Emergency *Ex Parte* Hearing [Dkt. 19] are DENIED. The Clerk of Court is directed to STAY this case pending the completion of the student-conduct hearings. Lastly, Plaintiff Abbruzzese is ORDERED to comply with the Magistrate Judge's directive of March 19, 2025 [Dkt. 26] providing her 21 days from the date the parties file a notice with the Court explaining that Defendant Stephen F. Austin State University's student-conduct hearings are completed and that the appeals process has been exhausted.

**SIGNED this 27th day of March, 2025.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge