IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ISABELLA RAE ABBRUZZESE, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 9:25-CV-00018-MJT-CLS |
| STEPHEN F. AUSTIN STATE UNIVERSITY and UT SYSTEMS, | § § § | |
| *Defendants*. | § § | |

**ORDER ADOPTING, IN PART, THE REPORT
AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE; GRANTING, IN PART, DEFENDANTS'
MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO
STAY DISCOVERY; AND DENYING PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

Plaintiff Isabella Rae Abbruzzese, proceeding *pro se*, alleges that Defendants Stephen F. Austin State University (SFA) and UT System[1] violated her state and federal rights by exposing her to mold, manifoldly mishandling her Title IX complaint, and initiating procedurally deficient student-conduct hearings in retaliation for filing a Title IX complaint. [Dkt. 9]. The District Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pre-trial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Now before the Court are Plaintiff's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (PI) [Dkt. 32] and Defendants' Motions to Dismiss [Dkt. 81] and to Stay Discovery [Dkt. 82]. On November 26, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 113] advising the Court to: (1) grant Defendants' Motion to Dismiss, (2) deny Plaintiff's

---

[1] Defendants correctly note that "UT System" is misidentified as "UT Systems." [Dkt. 81 at 10 n.1].

Motion for Temporary Restraining Order and Preliminary Injunction, and (3) deny as moot Defendant's Motion to Stay Discovery.  On December 14, 2025, Plaintiff filed Objections [Dkt. 116] to the Report and Recommendation, having first filed a Motion for Extension of Time to file said Objections four days prior [Dkt. 115].  The motion for extension was granted by Judge Stetson on February 2, 2026 [Dkt. 117].

## I.    The Report and Recommendation is Adopted to the Extent No Objections Have Been Raised

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  "Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).  If a party fails to object to recommendations contained within a report and recommendation, the party waives *de novo* review, and the district court need only review the report for clear error.

In her Report and Recommendation, Judge Stetson explained that most claims against Defendants SFA and UT System should be dismissed for lack of subject-matter jurisdiction because of Defendants' Eleventh Amendment sovereign immunity, including the following:

Count 7—claims under Occupational Safety and Health Act;

Counts 4 and 18—claims under Family Educational Rights and Privacy Act;

Counts 1 and 16—negligence and premises liability;

Counts 8 and 17—intentional infliction of emotional distress;

Count 9—stalking and harassment; and

Count 10—claims under Texas Commission on Human Rights Act.

Plaintiff did not address the recommended dismissal of these claims in her Objections. [Dkt. 116]. The Court has reviewed the Report and Recommendation on these claims for clear error and found none; therefore, each of the above claims are dismissed for lack of subject-matter jurisdiction.

## II.    Plaintiff's Objections to the Report and Recommendation are Overruled

Moving to Plaintiff's specific objections, the Court first dispenses with the complaint that the Magistrate Judge failed to properly construe Plaintiff's *pro se* pleadings, allegedly evidenced by Judge Stetson's harsh treatment of Plaintiff following the death of her mother.  The District Court notes first that Defendants' Motion to Dismiss has been pending since June 19, 2025.  [Dkt. 81].  A response was due from Plaintiff on July 3, 2025, but no response was filed at that time. Throughout the early part of July, Plaintiff filed multiple motions seeking extensions of her deadlines to submit additional evidence from the July 2, 2025 evidentiary hearing, but at no point during that flurry of activity did Plaintiff file a response to Defendants' Motion to Dismiss.  Only on July 23, 2025, more than 20 days after her response to the motion was due, did Plaintiff advise the court of the loss of her mother.  Judge Stetson immediately entered a 90-day stay. [Dkt. 103].

On October 20, 2025, upon Plaintiff's October 8 motion [Dkt. 105], the stay was lifted [Dkt. 106].  Yet, at no point did Plaintiff request more time to respond to Defendants' Motion to Dismiss.  As a result, Judge Stetson issued her Report and Recommendation [Dkt. 107].  *See* E.D. TEX. LOC. R. CV-7(d).  Plaintiff objected and requested additional time to respond to the dismissal motion [Dkt. 108], which by then had been pending for over four months.  Judge Stetson withdrew her Report and Recommendation and gave Plaintiff 14 more days to respond to Defendants'

Motion to Dismiss.  *See* [Dkt. 109].  Plaintiff finally filed her response on November 17, 2025.

[Dkt. 111].  Plaintiff's suggestion that she has been treated unkindly or harshly by the Magistrate

Judge in connection with her requests to stay the case and respond late to Defendants' motion to

dismiss is not well-taken.  Moreover, Judge Stetson's assessment of Plaintiff's *pro se* pleading

does not suggest that an inappropriately rigid standard was applied.  *See* [Dkt. 115 at 2].  While

the nonmovant is entitled to reasonable inferences from the well-pleaded facts in deciding a motion

to dismiss, the Court may not insert facts where none are alleged.

### III.    Americans with Disabilities Act and Rehabilitation Act Claims

Plaintiff raises three specific objections to the Report and Recommendation.  First, she

complains that it unfairly determines that Plaintiff failed to allege that she suffered from a

qualifying disability as needed to plead her failure-to-accommodate and discrimination claims

under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) contained in Counts

Three and 15 of her Second Amended Complaint (SAC).  Without citation to any caselaw or

authority, Plaintiff claims that her allegations of acute health symptoms requiring hospitalization

on June 1, 2024, and the resultant emotional distress as set forth on pages two and three of her

SAC are sufficient to meet the pleading standard for elaborating on the severity, duration or

permanence of her alleged impairments [Dkt. 116 at 3–4].  *See, e.g.*, *Allder v. Arcosa Telecom

Structures, LLC*, No. 24-CV-145, 2025 WL 1363093, at \*5 (E.D. Tex. Apr. 3, 2025)

(recommending dismissal of Title II ADA claim because plaintiff "has not alleged any facts

identifying his disability or how it substantially limits one of his major life activities and thus has

not sufficiently alleged that he has a qualifying disability"), *R. & R. adopted*, 2025 WL 1219025

(E.D. Tex. Apr. 28, 2025).  They are not.  *See* [Dkt. 113 at 34–37].  Given the opportunity, Plaintiff

now claims that she could allege sufficient facts.  [Dkt. 116 at 6].  Whether Plaintiff should be afforded yet another opportunity to amend her complaint is addressed later.

Judge Stetson also recommended dismissal of Plaintiff's RA retaliation claim contained in Count Three because Plaintiff failed to allege that "the challenged decision occurred solely by reason of her disability."  [Dkt. 113 at 37–38.]  Plaintiff's Objections fail to address this pleading deficiency or point out how the Magistrate Judge's recommendation is incorrect.  As such, Plaintiff is only entitled to clear-error review.  Having reviewed Plaintiff's SAC, the Court finds the recommendation to dismiss this claim well-founded and dismisses Plaintiff's RA retaliation claim.

### IV.    Title IX Claims

Plaintiff's second specific objection is to the dismissal of her Title IX claim.  *See* [Dkt. 116 at 4].  She complains that it is based on an unduly narrow assessment of her pleadings.  Plaintiff points first to page 29 of the Report and Recommendation and claims that the Magistrate Judge was over-rigid in concluding that Plaintiff failed to plead the necessary temporality to connect a protected activity to the time of the alleged retaliation.  [*Id.* at 4–5].  Plaintiff claims this to be unfair, but much like her pleading, her Objections simply state that she reported a sexual assault on a given day and "thereafter" experienced retaliation.  [*Id.* at 4].  While courts afford *pro se* plaintiffs some leeway in construing their pleadings and drawing inferences in their favor, the Court cannot make inferences where there is a complete lack of factual detail.  Similarly, the Magistrate Judge concluded that Plaintiff's allegation of deliberate indifference under Title IX was factually insufficient.  [Dkt. 113 at 25–29].  Other than disagreeing with the Magistrate Judge, Plaintiff points to no part of her SAC where the Court could locate the facts needed to show the "high bar" of deliberate indifference.  *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 356 (5th Cir. 2020).  Whether Plaintiff should be allowed yet another attempt to replead is addressed later.

## V.    § 1983 Claims

Finally, Plaintiff objects to dismissal of her § 1983 claims.  She acknowledges that SFA and UT System, as pled, are entitled to sovereign immunity on all such claims, but Plaintiff, in her Objections, asserts that she can establish waiver of that immunity under *Ex parte Young* because she alleges claims against specific "university officials and employees" as "individually named defendants."  *See* [Dkt. 116 at 5].  Plaintiff points to pages two, three, seven, and eight of her SAC to support this contention, saying that while the SAC does not use "the precise capacity language," she should be allowed to "clarify the capacity in which these officials are sued" to save her claims. [*Id.*].  However, the "precise capacity language" is critical here.  *See Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 619 & n.24 (5th Cir. 2020).  Moreover, capacity is not Plaintiff's only problem.  *See id.* (emphasis added) (For *Ex parte Young* to apply, a "plaintiff must name individual state officials *as defendants* in their official capacities.").  As pointed out by the Magistrate Judge, Plaintiff lists no university official as a defendant.  *See* [Dkt. 113 at 20 (noting how Plaintiff "falsely claims that certain people . . . were sued in their individual capacities" even though "the only defendants named as parties" are SFA and UT System)].  While the SAC includes facts about actions taken by certain people, it never advises Defendants or the Court that Plaintiff is alleging claims against them (in any capacity).  As a result, the recommendation to dismiss these claims for lack of subject-matter jurisdiction is correct.

## VI.    Whether to Allow Plaintiff a Final Attempt at Pleading Viable Causes of Action

The Magistrate Judge did not address, as Plaintiff did not raise the issue as part of her Response to Defendants' Motion to Dismiss, the question of whether Plaintiff should be allowed to replead through a Third Amended Complaint.  In her Objections, however, Plaintiff requests leave to do so.  *See* [Dkt. 116 at 6].  The Court is of the opinion that Plaintiff could plead facts

sufficient to state failure-to-accommodate and/or discrimination claims under the ADA and RA, and a retaliation claim under the ADA (her claim for retaliation under the RA is dismissed as set forth above). The Court is also of the opinion that Plaintiff could, if pleaded correctly, assert facts to support a Title IX retaliation claim.

Regarding her ability to assert § 1983 claims sufficient to survive Eleventh Amendment immunity against a university official, the Court is not so convinced. In determining dismissal under subject-matter jurisdiction, which is the basis for the Defendants' Motion and the Magistrate Judge's recommendation, the Court may make factual determinations necessary to resolve the issue of jurisdiction. *E.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Based upon the Court's *de novo* review of the record; Plaintiff cannot assert a procedural due process claim. According to the documents referred to in her SAC and appended to Defendants' Motion to Dismiss, Plaintiff was advised of the charges against her. *See* [Dkts. 81-6 to 81-9]. She was provided with an opportunity to participate in the process. [*Id.*] That is all the process she was due in this context. *See Willis v. Tex. Tech Univ. Health Scis. Ctr.*, 394 F. App'x 86, 87 (5th Cir. 2010) (per curiam) (emphasis added) (quoting *Esfeller v. O'Keefe*, 391 F. App'x 337, 342–43 (5th Cir. 2010) (quoting *Goss v. Lopez*, 419 U.S. 565, 574, 581, 583 (1975))) ("A student subject to school disciplinary proceedings is entitled to *some* procedural due process," including "notice of the charges," "an explanation of what evidence exists against" the student, and "an opportunity to present [the student's] side of the story."); *see also Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–86 (1978) ("All that *Goss* required was an 'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student 'the opportunity to characterize his conduct and put it in what he deems the proper context.'"). As a

7

result, the Court finds that it would be futile to allow Plaintiff the opportunity to assert a procedural due process claim under § 1983 against a school official.

The Court also finds, based upon Plaintiff's factual allegations, that it would be futile to allow her an opportunity to amend her Fourth Amendment claim as there is not even a suggestion that a law enforcement officer seized her or restrained her in any way. Indeed, this argument—that she cannot raise a Fourth Amendment challenge because she alleges no facts to support a search or a seizure—was specifically addressed in Defendants' Motion to Dismiss. [Dkt. 81 at 32]. In response, Plaintiff points to the actions of unnamed SFA police officers [Dkt. 111 at 9] whom her SAC alleges "engaged in conduct that constituted an unreasonable seizure of Plaintiff's person and property through intimidation, surveillance, and presence of law enforcement without cause." [Dkt. 76 at 17]. This is not a well-pleaded Fourth Amendment violation, and Plaintiff does not indicate in her Objections that she would be capable of factually asserting a valid Fourth Amendment claim. Plaintiff had more than adequate time to prepare a response, her Objections, and to provide legal authority for her position. She has not done so. The Court finds it is futile to allow further amendments on this claim.

Finally, Plaintiff does not address the dismissal of her equal protection claim in her Objections other than by generally claiming that, if given the opportunity, she could "address any deficiencies identified" in the Report and Recommendation by repleading her allegations against university officials. [Dkt. 116 at 5]. Similarly, in her response to Defendants' assertion that her equal-protection claim should be dismissed for failure to plead, Plaintiff merely claims that her pleading was sufficient, or that she could properly plead if allowed discovery. *See* [Dkt. 111 at 8, 11–12]. Again, Plaintiff has had ample opportunity to make her best case for a claim under the

Equal Protection clause, but neither her response nor her Objections suggest that Plaintiff is aware of facts to support such a claim.  The Court finds it futile to allow further amendments.

### VII.    Motion for TRO and PI

Upon review of the record in this case, including the hearing on Plaintiff's Motion for TRO and PI [Dkt. 97], Plaintiff's motion is moot.  In the motion, Plaintiff requests relief to prevent her suspension from SFA and to remain enrolled until she completes her degree.  *See* [Dkt. 32 at 1].  At the time she filed her request for injunctive relief on April 3, 2025, Plaintiff's disciplinary appeals were not complete, so the case was stayed in the interim.  *See* [Dkts. 26, 31, 39].  According to the record, the Court was advised that Plaintiff's disciplinary proceedings, including all appeals, would resolve by April 24, 2025.  *See* [Dkts. 37, 39].  The Magistrate Judge immediately set a hearing for May 1, 2025 [Dkt. 39], but because of filings by Plaintiff (as detailed in the Report and Recommendation [Dkt. 113 at 7–8]), the hearing ultimately took place on July 2, 2025.

At the hearing, Plaintiff repeatedly stated that she did not wish to return as a student to SFA and that she was already enrolled at the University of North Texas (UNT) in Denton, Texas.  In her December 10, 2025 filing requesting additional time to respond to the Defendants' Motion to Dismiss, Plaintiff noted that she was set to graduate from UNT "th[at] week."  [Dkt. 115 at 2].  Accepting Plaintiff's statements as true, granting her an injunction that would cause her to remain enrolled at SFA to complete her bachelor's degree would be futile.  As a result, the court finds that Plaintiff's Motion for TRO and PI is moot.

### VIII.   Order

Plaintiff's Motion for Injunctive Relief [Dkt. 32] is DENIED as moot.

The Report and Recommendation [Dkt. 113] is ADOPTED in part.

Defendants' Motion to Dismiss [Dkt. 81] is GRANTED in part and DENIED in part.  The

Motion is granted to the following extent:

- Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18 and 19 are dismissed without prejudice for lack of subject-matter jurisdiction; and

- Plaintiff's Title IX sexual harassment and discrimination claims under Counts 2 and 14 and her Rehabilitation Act retaliation claim under Count 3 are dismissed with prejudice for failure to state a claim.

The Motion is denied to the extent that Plaintiff shall be allowed 14 days from entry of this Order

to file a Third Amended Complaint on the following, and only the following, claims:

- Title IX Retaliation,

- Failure to Provide Reasonable Accommodations under the Americans with Disabilities Act and the Rehabilitation Act, and

- Retaliation under the Americans with Disabilities Act.

In her Third Amended Complaint, Plaintiff is advised she must clearly articulate against whom

each of her claims is alleged, in what capacity they are sued if appropriate, and provide facts that

support the elements of said claims.  Once Plaintiff repleads, if she does, Defendants may file

whatever responsive pleading they deem necessary within the timeframe provided by the Federal

and Local Rules of Civil Procedure.  Last,

Defendants' Motion to Stay Discovery [Dkt. 82] is GRANTED until such time as Plaintiff

files her Third Amended Complaint.

IT IS SO ORDERED.

**SIGNED this 27th day of February, 2026.**

Michael J. Truncale
United States District Judge